UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| AMOS SUMPTOR, | } |
| Plaintiff, | } } } |
| VS. | } CIVIL ACTION NO. G-06-641 |
| M/V ATHOS, *et al*, | } } } } |
| Defendants. | } |

## OPINION AND ORDER

Pending before the Court is Intervenor American Longshore Mutual Association's ("ALMA") Motion to Deposit Funds With Registry of Court (Doc. 104). Also pending is Plaintiff Amos Sumptor's ("Sumptor") Emergency Motion to Enforce Settlement Agreement (Doc.109).

Sumptor has reached a settlement with Defendant M/V Athos in a personal injury action based on injuries Sumptor sustained working as a longshoreman. ALMA provided Sumptor with health insurance for his injuries under a Longshore and Harbor Workers Compensation Insurance Policy on behalf of Sumptor's employer. ALMA now seeks to recover, by right of subrogation, payments incurred due to Sumptor's injuries from the settlement. In furtherance of this, ALMA requests the Court to deposit the settlement funds with the registry of the Court pending resolution of the dispute as to how the settlement funds should be apportioned among Sumptor, Sumptor's counsel, and ALMA. Sumptor objects, arguing the funds should be paid directly to him, with part of those funds then being transferred to ALMA. Therefore, Sumptor moves to enforce the settlement agreement by requiring M/V Athos to pay the funds directly to him. M/V Athos requests the Court to clarify to whom the funds should be paid.

The Longshoremen's and Harbor Worker's Compensation Act (LHWCA) allocates the costs of industrial accidents between employees and employers. Injured workers receive "prompt and certain" compensation benefits, even if the employer is not to blame for the accident. *Louviere v. Shell Oil Co.*, 509 F.2d 278, 283 (5th Cir. 1975). Although these benefits are the employer's exclusive liability for the longshoreman's injuries, 33 U.S.C. § 905(a), the LHWCA does allow injured workers to recover damages from negligent third parties. 33 U.S.C. § 933(a). When an injured worker recovers from a negligent third party, the employer (or the employer's compensation carrier) has a subrogation right to be reimbursed in the amount of the compensation payments from the worker's recovery. *Peters v. North River Insurance Company of Morristown, N.J.*, 764 F.2d 306, 312 (5th Cir.1985). It is usual for an employer or the carrier to intervene in the worker's suit and assert a lien on the worker's recovery. *Allen v. Texaco, Inc.*, 510 F.2d 977, 979-80 (5th Cir.1975).

The LHWCA allows the plaintiff to recover attorney fees out of an award before satisfying the employer or carrier's subrogation right, but only where the award is given after trial, and only after the attorney fees are deemed equitable. *Ochoa v. Employers National Insurance Co.*, 724 F.2d 1171 (5th Cir.1984). In a settlement, on the other hand, there is a risk that plaintiff's counsel will be tempted to negotiate in such a way that attorney fees and plaintiff's recovery are assured, but that the employer or carrier will find his subrogation right to have been traded away. *Speaks v. Trikora Lloyd P.T.*, 838 F.2d 1436, 1438 (5th Cir. 1988). Therefore, there is no presumption in settlement under the LHWCA that attorney fees will be deducted first. *Id.* Accordingly, it is hereby

ORDERED that Intervenor American Longshore Mutual Association's Motion to Deposit Funds With Registry of Court (Doc. 104) is GRANTED. It is further

ORDERED that Plaintiff Amos Sumptor's Emergency Motion to Enforce Settlement Agreement (Doc.109) is DENIED.

SIGNED at Houston, Texas, this 16th day of April, 2009.

*Melinda Harmon*
MELINDA HARMON
UNITED STATES DISTRICT JUDGE